11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William Roe Isbell

Appellant

Vs.                   No.
11-01-00183-CR B Appeal from Taylor County

State of Texas

Appellee

 

The jury
found appellant guilty of indecency with a child and assessed his punishment at
confinement for 5 years.  Appellant
appeals.  We affirm.

Appellant
urges in his first point of error that the evidence was legally insufficient to
support the conviction.  In his second
point, he maintains that the evidence was factually insufficient to support the
conviction.

In order
to determine if the evidence is legally sufficient, this court must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d
664 (Tex.Cr.App.2000).

The
victim, who was 8 years old at the time of trial, testified that she was 5
years old at the time of the offense. 
She stated that, while she and her little sister were staying with him,
appellant forced them to watch nasty movies. 
The victim stated that appellant, who was not wearing clothes, put his
legs up in the air and forced the victim=s little sister to lick him between his legs near his Aboy part.@  The victim testified that she
saw Awhite stuff@ come out of his boy part.  She
stated that it was wet and that appellant tried to put it on her.

TEX. PENAL
CODE ANN. ' 21.11(a)(2) (Vernon Supp. 2002) provides
that a person commits the offense of indecency with a child if, with a child
younger than 17 years who is Anot [his] spouse,@ the person exposes any part of his genitals, knowing the child is
present, with the intent to arouse or gratify the sexual desire of any person.








Appellant
argues under his first point that the State failed to prove that the victim was
not appellant=s spouse. 
The State did not ask the 5-year-old victim if she was the spouse of
appellant.  However, the circumstantial
evidence clearly proved that the victim was not appellant=s spouse. 
The victim called appellant AUncle Roe,@ and
she had known appellant since she was born. 
The victim=s mother
testified that she had known appellant for two or three years before the date
of the offense.  She stated that she had
a close relationship with appellant and considered him a Abrother.@  At the time of the offense,
appellant was babysitting her children while she was at work.  The jury may use common sense and apply
common knowledge, observation, and experience gained in the ordinary affairs of
life when giving effect to the inferences that may reasonably be drawn from the
evidence.  Ates v. State, 21 S.W.3d 384,
389 (Tex.App. - Tyler 2000, no pet=n); Robertson v. State, 21 S.W.3d 554 (Tex.App. - Waco 2000, no pet=n). 
The standard of review on appeal is the same for both direct and
circumstantial evidence.  King v. State,
895 S.W.2d 701, 703 (Tex.Cr.App.1995). 
The evidence was legally sufficient to support the jury=s finding that the victim was not appellant=s spouse. 
Appellant=s first point is overruled.

In order
to determine if the evidence is factually insufficient, we must apply the
standard set out in Clewis v. State, 922 S.W.2d 126, 129
(Tex.Cr.App.1996).  We view all the
evidence without the prism of in the light most favorable to the prosecution
(viewing in a neutral light), and we set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  The court in Johnson v. State,
23 S.W.3d 1, 11 (Tex.Cr.App.2000), stated:

We hold, therefore, that
our opinion in Clewis is to be read as adopting the complete civil
factual sufficiency formulation. 
Borrowing in part from Justice Vance=s concurring opinion in Mata v. State, 939 S.W.2d 719, 729 (Tex.App. -
Waco 1997, no pet.), the complete and correct standard a reviewing court must
follow to conduct a Clewis factual sufficiency review of the elements of
a criminal offense asks whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury=s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.

 








Appellant
argues that the evidence used by the State to establish the elements of the
crime was so weak as to be factually insufficient and undermined confidence in
the jury=s determination.  Appellant points out some inconsistencies in the victim=s testimony. 
Appellant also maintains that the contrary proof presented by appellant
greatly outweighed that presented by the State.  We disagree with appellant=s contentions.

Betty
Ribordy, who worked for the police department as Director of the Child Advocacy
Center, testified that she interviewed the victim on two different
occasions.  Ribordy=s testimony as to what the victim told her
clearly shows that appellant committed the offense.  There is some difference between what the victim first told
Ribordy and what the victim later told Ribordy approximately one year and eight
months later.  Ribordy stated that she
had interviewed about 500 young children between the ages of 4 and 8 who had
been sexually abused and that it was not unusual for the victims to share a lot
of information at first (tentative disclosure) and later say that they had Aforgotten@ some of the facts surrounding the offense.  Appellant put on witnesses who stated that, during the trial, the
victim stated in the hall before she walked into the courtroom:  AI play court all the time.@  After reviewing all the
evidence, we hold that the evidence is factually sufficient to support the
verdict.  Appellant=s second point is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

February 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.